Jared Green — Nevada Bar No. 10059
Brian Unguren — Nevada Bar No. 14427
BROWNE GREEN, LLC
3755 Breakthrough Way, Suite 210
Las Vegas, Nevada 89135
Phone/Fax: (702) 475-6454
E-mail: jared@bgtriallawyers.com
E-mail: brian@bgtriallawyers.com

Clifford S. Mendelsohn — Pro hac vice
Ariana E. Bernard — Pro hac vice
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: 216.592.5000
Facsimile: 216.592.5009
E-mail: clifford.mendelsohn@tuckerellis.com
E-mail: ariana.bernard@tuckerellis.com

*Attorneys for Defendants Jesus Mendez and The Sherwin-Williams Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS LOPEZ,<br><br>             Plaintiff,<br><br>      v.<br><br>THE SHERWIN-WILLIAMS COMPANY, et al.,<br><br>             Defendants. | CASE NO.: 2:24-CV-01021-APG-NJK<br><br>**ORDER TO CONTINUE THE EXPERT REBUTTAL DISCLOSURE AND DISCOVERY DEADLINES**<br><br>**(SECOND REQUEST)** |

Plaintiff NICHOLAS LOPEZ ("Plaintiff") and Defendants THE SHERWIN-WILLIAMS COMPANY and JESUS MENDEZ (collectively "Defendants"), by and through their undersigned attorneys, submit this **STIPULATION AND PROPOSED ORDER TO CONTINUE THE EXPERT REBUTTAL DISCLOSURE AND DISCOVERY DEADLINES (SECOND REQUEST)** pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rules IA 6-1 and 26-3 for the Court's consideration.

I.   **INTRODUCTION**

The Parties appreciate and acknowledge the Court's Order following the Parties' first Stipulation and Order to Continue Scheduling Order Deadlines (First Request) granting a 30-day extension of the case deadlines as a one-time courtesy. (Doc. Nos. 24 and 25). Since that Order, the Parties timely made their initial expert disclosures on April 14, 2025. Plaintiff disclosed six (6) testifying experts as well as thirty (30) providers (not inclusive of the individual providers and physicians disclosed at each of these facilities) that may testify at trial in a 814-page disclosure. On April 15, 2025, Plaintiff supplemented his expert disclosure with an additional 63-page memorandum and declaration. Defendants likewise disclosed six (6) testifying expert witnesses in their initial expert disclosures on April 14, 2025, consisting of more than 400 pages between their expert disclosures and Rule 35 examination disclosures. Rebuttal expert disclosures are currently due on May 14, 2025 and the discovery cutoff is June 11, 2025, just 28 days later.

This case arises from a disputed-liability motorcycle versus car collision from which Plaintiff alleges numerous significant injuries. Plaintiff's alleged injuries consist of fractures to his upper and lower extremities, including a shattered femur, fractured hands/wrists, and a spine injury. He alleges he has undergone extensive treatment and multiple surgeries, including surgeries for his femur, hands/wrists, and spine. Plaintiff has disclosed over $2.5 million in past medical specials and over 6,200 pages of documents, with additional bills and records pending. Simultaneously with his expert disclosures, Plaintiff produced a Fifth Supplement to his Rule 26(a) Disclosures asserting more than $3.4 million in alleged damages for loss of wages, employee benefits, earning capacity, loss of household and family services, and for costs of future medical or life care. Accordingly, this is not a run-of-the-mill car accident case. The Parties require additional time to evaluate the voluminous record, disclosures, and to schedule, prepare for, and take expert depositions, which would be nearly

impossible to do within the current time available due to the press of this and other work, and the competing schedules of counsel and witnesses.

In addition, Defendants recently learned that their orthopedic surgeon expert, Dr. Edward Younger, M.D., is out of the Country through May 8 or 9, 2025 without computer access and requires additional time to complete his rebuttal report. As a result, the Parties respectfully request a brief seven (7) day extension of the current rebuttal expert disclosure deadline from May 14, 2025 to May 21, 2025, and a sixty (60) day extension of the June 11, 2025 discovery cutoff, until August 11, 2025.

## II.     BRIEF PROCEDURAL HISTORY

Plaintiff's Complaint was originally filed on April 30, 2024 in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-24-892241-C. Defendants removed the case to this Court on May 31, 2024 and filed their Answers to Plaintiff's Complaint on June 7, 2024. (Doc. Nos. 1, 5, 6). The Stipulated Discovery Plan and Scheduling Order was entered on July 23, 2024. (Doc. No. 14). On February 18, 2025, the Parties filed their first Stipulation and Order to Continue Scheduling Order Deadlines (First Request). The Court entered an Order granting in part and denying in part the Parties' first Stipulation, permitting a 30-day extension as a one-time courtesy. (Doc No. 25).

The Parties respect and appreciate the Court's prior extension. Since that Order, the Parties have taken seven fact witness depositions, made additional document productions, and timely made their initial expert disclosures. This second request for an extension is necessary for the completion of expert discovery to give the Parties sufficient time to schedule, prepare for, and take expert depositions, and to complete the limited fact discovery remaining.

## III.     DISCOVERY COMPLETED TO DATE

1. A Rule 26(f) Case Conference was held on July 15, 2024, and the Court entered a Discovery Plan/Scheduling Order on July 23, 2024.

2. Defendant The Sherwin-Williams Company propounded its First Set of Interrogatories to Plaintiff on July 25, 2024.

3. Defendant The Sherwin-Williams Company propounded its First Set of Requests for

  Production of Documents to Plaintiff on July 25, 2024.

4. Plaintiff served initial FRCP 26(a)(1)(A) disclosures on July 29, 2024, which contained nearly 5,000 pages of documents and over $2.2 million in past medical specials.

5. Defendants served initial FRCP 26(a)(1)(A) disclosures on August 2, 2024.

6. Plaintiff responded to Defendant The Sherwin-Williams Company First Set of Interrogatories to Plaintiff on September 13, 2024.

7. Plaintiff responded to Defendant The Sherwin-Williams Company First Set of Requests for Production of Documents on September 13, 2024.

8. Plaintiff propounded his First Set of Interrogatories to Defendant The Sherwin-Williams Company on October 7, 2024.

9. Plaintiff propounded his First Set of Requests for Production to Defendant The Sherwin-Williams Company on October 7, 2024.

10. Plaintiff propounded his First Set of Interrogatories to Defendant Jesus Mendez on October 7, 2024.

11. Plaintiff propounded his First Set of Requests for Production to Defendant Jesus Mendez on October 7, 2024.

12. Plaintiff provided supplemental responses to Defendant The Sherwin-Williams Company's First Set of Requests for Production of Documents on November 1, 2024.

13. Plaintiff provided supplemental responses to Defendant The Sherwin-Williams Company First Set of Interrogatories on November 1, 2024.

14. Defendant Jesus Mendez responded to Plaintiff's First Set of Requests for Production of Documents on December 16, 2024.

15. Defendant Jesus Mendez responses to Plaintiff's First Set of Interrogatories on December 16, 2024.

16. Defendant The Sherwin-Williams Company responded to Plaintiff's First Set of Interrogatories on December 16, 2024.

17. Defendant The Sherwin-Williams Company responded to Plaintiff's First Set of Requests for Production of Documents on December 16, 2024.

18. Plaintiff served a first supplement to initial FRCP 26(a)(1)(A) disclosures on December 23, 2024 containing 776 pages of additional medical bills and records, with the past medical specials now exceeding $2.3 million.

19. Defendant Jesus Mendez propounded his First Set of Interrogatories to Plaintiff on December 31, 2024.

20. Defendant Jesus Mendez propounded his First Set of Requests for Production of Documents to Plaintiff on December 31, 2024.

21. Plaintiff responded to Defendant Jesus Mendez First Set of Interrogatories on January 30, 2025.

22. Plaintiff responded to Defendant Jesus Mendez First Set of Requests for Production of Documents on January 30, 2025.

23. Plaintiff attended a Rule 35 Medical Examination with Dr. Edward Younger, M.D. on February 3, 2025.

24. Plaintiff attended a Rule 35 Medical Examination with Dr. Joel Silberberg, M.D. on March 3, 2025.

25. Plaintiff attended a Rule 35 Medical Examination with Dr. Kamran Sahrakar, M.D. on March 4, 2025.

26. Defendants served their Rule 35 Medical Examination disclosure for Dr. Edward Younger, M.D. on March 5, 2025.

27. Plaintiff served a second supplement to initial FRCP 26(a)(1)(A) disclosures on March 7, 2025 containing 442 pages of additional medical and employment records as well as recordings from two of the defense medical examinations. Further, Plaintiff's past medical specials now exceed $2.4 million.

28. Plaintiff served a third supplement to initial FRCP 26(a)(1)(A) disclosures on March 11, 2025 containing a recording from one of the defense medical examinations.

29. The deposition of Plaintiff was taken on March 12, 2025.

30. The deposition of the investigating police officer, Officer Marc Rasmussen, was taken on March 20, 2025.

31. Defendants served a supplemental document production on March 21, 2025, which contained 524 pages of documents concerning Defendants' policy and procedure information as well as Defendant Jesus Mendez's employee file information.

32. Defendants served a second supplemental document production on March 21, 2025, which contained some claims file documents.

33. The deposition of percipient witness, Dean Aguillar, II, was taken on March 21, 2025.

34. The deposition of percipient witness, Lauren Abercrombie, was taken on March 21, 2025.

35. The deposition of percipient witness, Lauren Aguilar, was taken on March 21, 2025.

36. The deposition of percipient witness, Roger Combs, was taken on March 21, 2025.

37. The deposition of Defendant Jesus Mendez was taken on March 27, 2025.

38. Plaintiff disclosed a fourth supplement to initial disclosures on April 2, 2025.

39. Defendants served their Rule 35 Medical Examination disclosure for Dr. Joel Silberg, M.D. on April 2, 2025.

40. Defendants served their Rule 35 Medical Examination disclosure for Dr. Kamran Sahrakar, M.D. on April 3, 2025.

41. The Parties served their Initial Expert Disclosures on April 14, 2025.

42. Plaintiff served a fifth supplement to his initial disclosures on April 14, 2025.

43. Plaintiff served his First Supplement to his Initial Expert Disclosures on April 15, 2025.

IV.     **DISCOVERY THAT REMAINS TO BE COMPLETED**

1.  Rebuttal expert disclosures.

2.  Remaining depositions, including Defendant Sherwin-Williams' corporative representative, the Parties' experts, and certain of Plaintiff's treating physicians.

3.  Collection and disclosure of additional medical records and documents from both Parties.

V.      **REASONS WHY EXPERT DISCOVERY CANNOT BE COMPLETED IN THE TIME PROVIDED BY THE CURRENT SCHEDULING ORDER**

A request to extend discovery deadlines must be supported by a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); Loc. R. 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 WL 10059063, at *2-3 (D. Nev. Dec. 5, 2015) (same).

Defendants recently learned that their orthopedic surgeon expert, Dr. Edward Younger, M.D., is out of the Country through the first week of May, returning on May 8 or 9, 2025, just days before the May 14, 2025 rebuttal disclosure deadline. Defendants' counsel has been advised that he does not have computer access or an ability to work on this matter until he returns. In order to ensure Dr. Younger, and all experts for each party, have sufficient time to analyze the voluminous expert

6

disclosures and prepare their rebuttal reports, the Parties respectfully request a one-week extension of the May 14, 2025 rebuttal expert report disclosure deadline to May 21, 2025.

There are currently only twenty-eight (28) days between rebuttal expert disclosures on May 14, 2025 and the close of fact and expert discovery on June 11, 2025. With a one-week extension of the expert rebuttal report deadline, that window would be decreased to twenty-one (21) days. Together, Plaintiff and Defendants disclosed twelve (12) testifying expert witnesses, including medical experts, life care and vocational rehabilitation experts, and accident reconstruction and human factors experts. In addition, Plaintiff disclosed thirty (30) treating provider facilities (not inclusive of the many individual providers disclosed from all facilities) as witnesses that may testify at trial to provide expert testimony. Together, the Parties' expert disclosures consisted of more than 1,200 pages. The Parties are diligently working to evaluate the voluminous case record, expert disclosures, and to select and schedule expert and treating physician depositions. However, due to the competing caseloads and schedules of counsel, expert witnesses, and treating physicians, it will be infeasible and onerous to complete expert discovery in this matter by the current deadline.

Accordingly, good cause exists to extend the expert rebuttal disclosure and discovery deadlines. The Parties respectfully request, through this Stipulation, a seven (7) day extension of the expert rebuttal disclosure deadline and a sixty (60) day extension of the current discovery cutoff.

The extension sought is in good faith and is not meant to unnecessarily delay proceedings in this matter, but rather to allow the parties sufficient time to complete expert discovery.

## VI. PROPOSED AMENDED SCHEDULING ORDER FOR REMAINING CASE DEADLINES

|  | **CURRENT DEADLINE** | **PROPOSED NEW DEADLINE** |
|---|---|---|
| **Rebuttal Expert Disclosure** | May 14, 2025 | May 21, 2025 |
| **Discovery Cutoff** | June 11, 2025 | August 11, 2025 |

7

| Dispositive Motions | July 11, 2025 | September 10, 2025 |
|---|---|---|
| Joint Proposed Pretrial Order | August 11, 2025, 30 days after resolution of dispositive motions, or further order of the Court | October 10, 2025, 30 days after resolution of dispositive motions, or further order of the Court |

Respectfully submitted,

/s/ *Elizabeth E. Coats* (with consent)
Farhan R. Naqvi (Bar No. 8589)
Paul G. Albright (Bar No. 14159)
Elizabeth E. Coats (Bar No. 12350)
NAQVI INJURY LAW
9500 W. Flamingo Road, Suite 104
Las Vegas, NV 89147
Phone: (702) 553-1000
Fax: (702) 553-1002
E-mail:  naqvi@naqvilaw.com
         paul@naqvilaw.com
         elizabeth@naqvilaw.com

*Attorneys for Plaintiff*

/s/ *Jared Green*
Jared Green — Nevada Bar No. 10059
Brian Unguren — Nevada Bar No. 14427
BROWNE GREEN, LLC
3755 Breakthrough Way, Suite 210
Las Vegas, Nevada 89135
Phone/Fax: (702) 475-6454
E-mail: jared@bgtriallawyers.com
E-mail: brian@bgtriallawyers.com

Clifford S. Mendelsohn – Pro hac vice
Ariana Bernard – Pro hac vice
Tucker Ellis LLP
950 Main Ave., Suite 1100
Cleveland, OH 44113
Phone:  216-592-5000
Fax:  216-592-5009
E-mail:  clifford.mendelsohn@tuckerellis.com
         ariana.bernard@tuckerellis.com

*Attorneys for Defendants Jesus Mendez and The Sherwin-Williams Company*

IT IS SO ORDERED.
Dated: April 24, 2025

Nancy J. Koppe
United States Magistrate Judge

8