UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS LOPEZ,<br>    Plaintiff,<br>v.<br>THE SHERWIN-WILLIAMS COMPANY, *et al.*,<br>    Defendants. | Case No. 2:24-cv-01021-JAD-NJK<br>**Order**<br>[Docket No. 35] |

Pending before the Court is Plaintiff's motion to compel production, request for *in camera* review, and request for limited extension of discovery. Docket No. 35.

The instant motion is riddled with violations of the Local Rules. The Local Rules prohibit raising more than one request for relief in the same filing. Local Rule IC 2-2(b). This rule is not an exercise of "pure formality." *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, 2017 U.S. Dist. Lexis 132101, at *2 (D. Nev. Aug. 18, 2018). Among other underpinnings, the Rule seeks to ensure that distinct matters are presented with sufficient clarity and supporting argument to enable the fashioning of a ruling, particularly when the distinct issues are subject to varying standards. *See id.*; *see also Underwood v. O'Reilly Auto Enterps., LLC*, 2022 WL 1184883, at *2 (D. Nev. Apr. 20, 2022). The instant filing seeks three different forms of relief; (1) a motion to compel production; (2) a request for an *in camera* review; and 3) a request for an extension of discovery.[1] Docket No. 35 at 3-4. By presenting these requests in an omnibus fashion, however, the factual and legal issues are convoluted, and the clear articulation of arguments has been hampered. The Court will not endorse this "spaghetti approach" and will not "sort through the noodles" to attempt

---

[1] The motion also indicates that the parties are seeking "an order shortening time," Docket No. 35 at 1, yet that request is not in the instant motion. Counsel is advised that on a motion to shorten time, counsel must advise the *courtroom administrator* for the undersigned, not chambers directly. *See* Local Rule IA 6-1. Counsel may not call chambers *ex parte*.

1

to resolve the arguments on their merits. *Cf. Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). By improperly presenting these requests, the instant motion also violates Local Rule 7-3(b), exceeding the page limit by four pages. *See* Docket No. 35. Additionally, the footnotes violate Local Rule IA 10-1 (text must be size 12 font or larger).

Further, Plaintiff fails to provide an explanation as to why *in camera* review is warranted, rather than asking to file the claims notes and certain exhibits under seal.[2] *See* Docket No. 35 at 9, 17-20. *In camera* review is disfavored and is not a substitute for the adversarial process or for a party's obligation to justify its withholding of documents. *See, e.g., Garcia v. Serv. Empls. Int'l Union*, Case No. 2:17-cv-01340-APG-NJK, 2018 WL 6566563, at *5 (D. Nev. Sept. 6, 2018) (citing *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 700 (D. Nev. 1994) and *Nikita, Ltd. v. Fuji Photo Film Co.*, 181 F.R.D. 465, 467 (D. Nev. 1998)).

For the reasons stated above, the Court declines to address the requests raised in the pending motion. Accordingly, Plaintiff's motion to compel production, request for *in camera* review, and request for limited extension of discovery is **DENIED** without prejudice. Docket No. 35.

IT IS SO ORDERED.

Dated: July 10, 2025

                                              Nancy J. Koppe
                                              United States Magistrate Judge

---

[2] Any request to file any document under seal must comply in full with the Local Rules. Any motion to seal must fully address the relevant standards. The Court herein expresses no opinion as to whether the claims notes or any exhibits are properly filed under seal.