# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NICHOLAS LOPEZ,

    Plaintiff,

v.

THE SHERWIN-WILLIAMS COMPANY, *et al.*,

    Defendants.

Case No. 2:24-cv-01021-JAD-NJK

**Order**

    Pending before the Court is Plaintiff's motion to compel production on an order shortening time. Docket No. 37. The motion requests emergency treatment because the "close of discovery is quickly approaching on August 11, 2025 …" and "the matters at issue…are pertinent" for a deposition scheduled for August 5, 2025. Docket No. 37-2 at 9.

    "The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-6(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

Here, Plaintiff again fails to comply with the technical requirements for filing an emergency motion. *See* Docket No. 37. In addition, the Court finds that the crisis is of the movant's creation; therefore, the Court denies Plaintiff's request for emergency relief. The motion will be briefed on the default schedule.

Further, on July 10, 2025, the Court denied Plaintiff's request for *in camera* review without prejudice for failing to provide an explanation as to why *in camera* review is warranted. *See* Docket No. 36 at 2. On July 11, 2025, instead of providing an explanation and in direct contravention of the Court's order, Plaintiff manually filed documents with the Clerk's Office because, he submits, they "require[] in-camera [sic] review." Docket No. 38 at 2. An *in camera* submission impedes not only the public's right to access judicial filings, but also the adversarial process through which courts function best. *See Wiener v. F.B.I.*, 943 F.2d 972, 979 (9th Cir. 1991); *see also Doyle v. F.B.I.*, 722 F.2d 554, 556 (9th Cir. 1983) (providing overview of the "danger inherent" in relying on *ex parte*, *in camera* submissions). Given these concerns, requests for *in camera* submission are disfavored. *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 700 (D. Nev. 1994). A request for *in camera* review must be supported by "compelling reasons," which is a stringent standard that is not easily met. *Cf. Maxson v. Mosaic Sales Sols. U.S. Op'g Co.*, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015).[1] Compelling reasons may be established by showing that revealing the subject information to the opposing party and to the public would irreparably harm the movant. *PlayUp, Inc. v. Mintas*, No. 2:21-CV-02129-GMN-NJK, 2024 WL 365382, at *1 (D. Nev. Jan. 30, 2024).

Nonetheless, the Court has already told Plaintiff that *in camera* review is disfavored. Docket No. 26 at 2. Rather, filing documents that qualify for protection under seal is more appropriate, as such filing ensures the documents are on the record. *See* LR IA 10-5.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. Documents filed in relation to a dispositive matter may not be sealed absent a specific showing of compelling reasons. *Id.* at 1179-80. Either good cause or compelling reasons

---

[1] A request for *in camera* review seeks three forms of relief: (1) keeping information secret from the public, (2) keeping information off the official docket, and (3) keeping information secret from the opposing counsel and party. Hence, the analysis of the propriety of *in camera* treatment properly incorporates the standards for sealing (*i.e.*, keeping information secret from the public) and the standards for *ex parte* submissions (*i.e.*, filings made without notice to the opposing side). *See, e.g.*, Local Rule IA 7-2(a).

must be established through an evidentiary showing, generally a declaration based on personal knowledge. *See, e.g.*, *Henderson v. Aria Resort & Casino Holdings, Inc.*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases and applying the more lenient good cause standard). In addition, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

The fact that a party has designated a document as confidential does not, standing alone, establish sufficient grounds to seal a filed document. *See, e.g.*, *Foltz*, 331 F.3d at 1133; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). When a motion to seal is predicated solely on the fact that another party has designated a document as confidential, this Court has expressly required that the designating party must itself support the sealing request or consent to the public filing of that document. Here, Plaintiff fails to demonstrate either good cause or compelling reasons for the subject documents not to be filed on the public docket.

Accordingly, for the reasons stated above, Plaintiff is **ORDERED** to file the subject documents under seal, along with a motion fully addressing the relevant standard for sealing and/or redaction and the redacted version of the documents on the public docket, no later than July 21, 2025. *Cf.* Local Rule IA 10-5; *see also* Docket No. 36 at 2.

IT IS SO ORDERED.

Dated: July 14, 2025

_____
Nancy J. Koppe
United States Magistrate Judge