# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS LOPEZ,<br>　　　Plaintiff,<br>v.<br>THE SHERWIN-WILLIAMS COMPANY, *et al.*,<br>　　　Defendants. | Case No. 2:24-cv-01021-JAD-NJK<br>**Order**<br>[Docket No. 37] |

Pending before the Court is Plaintiff's motion to compel. Docket No. 37. Defendants filed a response. Docket No. 45. Plaintiff filed a reply. Docket No. 46. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.   Background**

The instant case arises from a motor vehicle and motorcycle collision involving Plaintiff and Defendant Mendez, who at the time of collision, was allegedly driving within the course and scope of his employment with Defendant The Sherwin-Williams Company ("Sherwin-Williams"). Docket No. 37 at 4. Plaintiff alleges that Defendant Mendez was driving, in a company furnished vehicle, from a client meeting to a Sherwin-Williams store when the collision occurred and that driving to meet with clients was a part of Defendant Mendez's regular job duties. *Id*. In addition to general negligence claims, Plaintiff asserts claims against Defendant Sherwin-Williams for negligent hiring, training, supervising, and retaining Defendant Mendez. *Id*.

Plaintiff seeks to compel training materials on the following topics: (1) pre-trip safety; (2) on the road safety; (3) supplemental driver guide; and (4) health and safety for drivers. Docket No. 37 at 5.

## II. Discovery Standards

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). "The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

District courts enjoy wide discretion in deciding relevancy for discovery purposes. *E.g.*, *Shaw v. Experian Info. Solutions., Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Even after the 2015 amendments to the discovery rules, relevance remains broad in scope. *See, e.g., Fed. Nat'l Mrtg. Assoc. v. SFR Investments Pool 1, LLC*, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016).

## III. Analysis

Plaintiff submits that he learned of the four training topics at issue when reviewing a "learning assignment status report" which showed that Defendant Mendez completed the training topics prior to the collision. Docket No. 37 at 7. Plaintiff submits that, because he maintains claims against Defendant Sherwin-Williams for negligent training, information regarding the training provided to Defendant Mendez regarding driving is "highly relevant." *Id*. at 12. Plaintiff further submits that his claims center on Defendant Mendez's driving, that Defendant Mendez was driving in the course and scope of his employment, that Defendant Mendez was driving a company

vehicle provided to him by Defendant Sherwin-Williams during the collision, and that Defendant Mendez's job required him to drive. *Id*.

Defendants submit that the materials at issue "apply *only* to Sherwin-Williams' commercial delivery vehicles." Docket No. 45 at 1 (emphasis in original). Defendants submit that, at the time of the collision, Defendant Mendez was a driving a "non-commercial Chevrolet Malibu sedan." *Id*. at 2. Further, Defendants submit that some of the materials either do not relate to driving or are no longer available. *Id*. Defendants also submit that, while Defendant Mendez did review the subject materials, he did so three years prior to the accident and as part of his prior role as a store manager, which involved commercial delivery vehicles. *Id*. Although the presentation of argument on these issues is at times commingled, the Court will address separately each training material.

   a. Driver Safety Part 1: Pre Trip Safety

Defendants submit that this training material is an online delivery driver course that involves how to perform daily vehicle inspections, how to read a bill-of-lading, and how to secure delivery loads properly. Docket No. 45 at 4. Plaintiff submits that while "Defendant Mendez may not have been driving a big-rig truck at the time of the crash, he was operating a Sherwin-Williams vehicle for commercial purposes nonetheless." Docket No. 46 at 4. The Court is not persuaded that this discovery is relevant, as the requested information does not relate to sales representatives or non-commercial cars like the vehicle Defendant Mendez was driving at the time of the collision. Accordingly, the Court denies this aspect of the motion to compel.

   b. Driver Safety Part II: On the Road Safety

Defendants submit that this training material is an online delivery driver course that covers the qualifications necessary to drive delivery vehicles, Department of Transportation inspections, and how to handle dangers that delivery drivers might face in their roles such as theft of the products inside the vehicles. Docket No. 45 at 4. Plaintiff submits that, while Defendant Mendez did not have the title of a "delivery-driver, on the day of the collision, he had dropped off some materials to a customer…at their home, slash office," and thus, was a delivery driver at the time of the collision. Docket No. 46 at 5. The Court is not persuaded that "dropping off some materials

3

to a customer" in a non-commercial sedan transforms Defendant Mendez into a delivery driver that would make these materials applicable to him. The requested information is specific to the operation of a commercial vehicle used to deliver products, not the operation of a non-commercial vehicle operated by a sales representative. Accordingly, the Court denies this aspect of the motion to compel.

      c. Supplemental Driver Guide

Defendants submit that this guide is applicable only to delivery vehicles. Docket No. 45 at 4-5. Defendants acknowledge that, while some portions of the guide generally relate to driving, other materials concerning those policies have already been produced through other documents. *Id*. at 5. The Court finds that this guide is disproportional to the needs of the case as Defendants have provided a slew of other materials that relate to driving, *see id*. at 2-3, and that this particular guide is not relevant as it relates to driving a delivery vehicle. Accordingly, the Court denies this aspect of the motion to compel.

      d. Health and Safety for Drivers

Defendants submit that this training relates only to delivery drivers and commercial delivery vehicles. Docket No. 45 at 5. Defendants further submit that this is a course from 2019 that is no longer available, and that Defendants have already produced the driving training materials applicable to driving non-commercial cars. *Id*. Plaintiff offers no discussion regarding the representation that this material does not exist. *See* Docket No. 46.

Where a party asserts that it does not have responsive documents or electronically stored information, it must come forward with an explanation of the search conducted "with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S. D. Cal. 2012). Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents. *Edgerton v. Hillard*, No. 2:23-cv-00693-APG-NJK, 2025 U.S. Dist. LEXIS 16596, at *6 (D. Nev. Jan. 29, 2025).

Accordingly, this aspect of the motion to compel is granted. No later than August 13, 2025, Defendants must conduct a reasonable inquiry and exercise due diligence in searching for the training material. If the online course indeed does not exist, Defendants must provide to Plaintiff a declaration describing the efforts undertaken to locate the course.

### IV. Conclusion

Accordingly, for the reasons stated above, Plaintiff's motion to compel is **GRANTED** in part and **DENIED** in part. Docket No. 37.

IT IS SO ORDERED.

Dated: August 6, 2025

Nancy J. Koppe
United States Magistrate Judge