UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS LOPEZ,<br>    Plaintiff,<br>v.<br>THE SHERWIN-WILLIAMS COMPANY, *et al.*,<br>    Defendants. | Case No. 2:24-cv-01021-JAD-NJK<br><br>**Order**<br><br>[Docket No. 40] |

Pending before the Court is the parties' joint motion to seal exhibits filed in conjunction with Plaintiff's motion to compel. Docket No. 40; *see also* Dockets Nos. 40-1, 2, 3, 4, 5, 6, 7.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).

The documents at issue are documents that Defendant The Sherwin-Williams Company ("Sherwin-Williams") produced consisting of its policies, procedures, and training materials related to its employees' use of non-commercial vehicles. Docket No. 40 at 2. Defendant Sherwin-Williams submit that the exhibits at issue are four internal company policies. *Id.* at 3. Defendant further submits that these documents "reflect strategic decisions about internal processes and employee conduct…[and] that releasing even seemingly benign portions to the public could allow external parties to infer key aspects of company operations and strategies." *Id.* The parties also

1

seek leave to file under seal "a lengthy log of [Defendant Sherwin-Williams'] proprietary training that [Defendant] Mendez completed during his employment." *Id*. at 4. Defendant submits that the disclosure of this log would reveal the details of its "proprietary trainings that have been developed over many years at considerable time and expense." *Id*. Lastly, Defendant submits that the release of these policies and log would give competitors free access to its policies and information about the nature and type of training that it provides to its employees, which could cause it to suffer commercial disadvantages. *Id*. at 4-5.

An insufficient showing has been made here for sealing. First, the parties filed the motion to seal itself under seal, which is generally improper. *See, e.g.*, *Old Republic Ins. Co. v. City Plan Dev., Inc.*, 2017 WL 5076515, at *2 (D. Nev. Nov. 2, 2017); *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 2016 WL 4944086, at *1 n.1 (D. Nev. Sept. 14, 2016). The Court has been given no reason why sealing of the motion to seal itself is warranted. Further, the parties filed under seal Exhibit 18, even though Defendants withdrew the confidentiality designation of the exhibit and consent to publicly filing the document. *See* Docket No. 40 at 3, n.1; *see also* Docket No. 40-7 at 1.

Second, the parties fail to make a particularized showing, as the motion relies on Defendant Sherwin-Williams' conclusory assertions that the public release of the subject materials would harm them competitively. *See* Docket No. 40 at 4-5. For example, the Court is not persuaded that Defendant Sherwin-Williams' internal policy instructing their drivers to follow the law would cause any commercial disadvantage. *See* Docket No. 40-5. No declaration has been filed and thus, the motion is unsupported by any evidence showing that good cause exist to seal the exhibits. *See also* Docket No. 39 at 3-4 (Good cause "must be established through an evidentiary showing, generally a declaration based on personal knowledge").

Accordingly, the joint motion to seal is **DENIED** without prejudice. Docket No. 40. The Clerk's Office is **INSTRUCTED** to unseal Docket No. 40. The Clerk's Office is **INSTRUCTED** to keep Docket Nos. 40-1, 40-2, 40-3, 40-4, 40-5, 40-6, 40-7 under seal for the time being. No later than August 13, 2025, Defendant must file an appropriate request to seal any documents for

which it can substantiate such request.  Failure to file a request by August 13, 2025, or failure to file an appropriate request, will result in the Court unsealing these documents.

Dated: August 6, 2025

_____
Nancy J. Koppe
United States Magistrate Judge